Mr. Benjamin L. Fortson

40555 177th St. East

Lake L.A., CA. 93535

(323) 377-1218

Plaintiff in Pro Per

LA CV16 06784-JFW-MRWx

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFOFNIA

Mr. Benjamin L Fortson,  )
    **Plaintiff**  )
    )    **Case No.:** _____
    )
  **vs**  )
    )    **Civil Rights Complaint Pursuant to**
    )    **42 U.S.C. Section 1983 (non-prisoners)**
United States District Court  )
Central District of California,  )    **Jury Trial Demanded:   YES**
Michael W. Fitzgerald, District  )
Court Judge & Sheri Pym,  )
Magistrate District Court Judge  )
    **Defendant(s)**  )

### I. JURISDICTION

1.  This court has jurisdiction under 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343. Federal question jurisdiction arises pursuant to 42 U.S.C. Section 1983.

### II. VENUE

2.  Venue is proper pursuant to 28 U.S.C. Section 1391 because the events giving rise to this complaint happened in this district.

## III. PARTIES

**#3.** Plaintiff-Benjamin L. Fortson (mailing address)

40555 177th St. East Lake L.A., California 93535.

**#4.** Defendant-United States District Court Central District of California.

255 East Temple St. Los Angeles, California 90012-3332.

Defendant's title or position is United States District Court Central District of California.

This Defendant is sued in his/her (check one or both)

    Individual capacity            **X** official capacity

This Defendant was acting under color of law because: The Defendant is the presiding entity United States District Court Central District of California.

**#5.** Defendant-Michael W. Fitzgerald, United States District Court Judge Central District of California, works at 255 East Temple St. Los Angeles, California 90012-3332.

Defendant's title or position is United States District Court Judge.

The Defendant is sued in his/her (check one or both):

    **X** individual capacity         **X** official capacity

This Defendant was acting under color of law because: The Defendant is the presiding United States District Court Judge in the case.

02 of 47

**#6.** Defendant-Sheri Pym, United States District Court Magistrate Judge Central District of California, works at 3470 Twelfth Street Riverside, California 92501.

Defendant's title or position is United States Magistrate Judge.

The Defendant is sued in her (check one or both):

    **X** individual capacity               **X** official capacity

This Defendant was acting under color of law because: The defendant is the presiding assistant Magistrate Judge in the case.

03 of 47

# IV. STATEMENT OF FACTS

(Explain what happened in your own words. You do not have to cite legal authority in this section. Be specific about names, dates, and places. Explain what each Defendant did. Remember to number every paragraph.)

**#7.** On 06/15/2012 Plaintiff filed with the U.S. District Court Central District of California, a Civil Rights Violation Complaint, BEN L. FORTSON, Plaintiff, v. LOS ANGELES CITY ATTORNEY'S OFFICE; et al., Defendants.
(See **D.C. No. 2: 12-cv-05256-MWF-SP**) claims filed with court were as follows:

1. False Imprisonment / False Arrest.

2. Illegal search & seizure.

3. Malicious Prosecution / Malice Per Se.

4. 2nd, 4th, 5th, & 14th Amendments Rights Violations.

**#8.** The Civil Rights complaint filed with the U.S. District Court, contained claims, laws, facts & Superior Court record evidence of multiple civil rights violations with criminal elements associated with them, & contained a demand for jury trial on all issues raised in the complaint pursuant to the U.S. 7th Amendment and on 04/26/2013 Plaintiff filed with the U.S. District Court a 1st Amended complaint which also contained a demand for jury trial on "all issues" raised in the complaint, of which the U.S. District Court by way of nonfeasance deprived Plaintiff of in order to prevent & obstruct Plaintiff from showing a fair & impartial jury the valid conclusive 'Superior Court Orders' granting Plaintiff relief from Calif. P.C.12021Sub.(c)(1) thus violating Plaintiffs' 7th Amendment Right.
(See **D.C. No. 2: 12-cv-05256-MWF-SP**, original & 1st Amended complaints Doc.01 filed 06/15/12 & Doc.59 filed 04/26/2013).

**#9.** Following are Superior Court Records minute orders Plaintiff filed with the court, as exhibits A & B. **People v. Ben L. Fortson case # 9CA26115** & **People v. Ben L. Fortson case # 1CA15725** which are consistent with any and all Plaintiffs' claims in the case as a matter of 'Simple Case Law' indisputable. (See Ex. A& B.)

**#10.** Case # 1CA15725 terminated in Plaintiffs' favor (abandoned) by the City & State by way of P.C.1385 dismissal which is an adjudicated admission of guilt, on part of the City & State in the case, an admission that all action taken against Plaintiff pursuant to Cal.PC.12021(c)(1) were in fact illegal. And the P.C.1385 dismissal was solely based on the 'Superior Court Orders' granting Plaintiff relief from P.C.12021(c)(1) in **People v. Ben L. Fortson case # 9CA26115** legally permitting Plaintiff to maintain/keep his 2nd Amendment Right to Bear Arms, of which the U.S. District Court, with malice prepense, omitted in making its determinations. (See Ex. A, B, C, D, & E.)

**#11.** The U.S. District Court in addition deliberately omitted/disregarded the Sentencing Memorandum granting Plaintiff relief from P.C.12021(c)(1) and the court with malice omitted the elimination of the firearm prohibition on the Protective Order in **People v. Ben L. Fortson case # 9CA26115** that Plaintiff entered in as "Record Evidence" as exhibits C & D on 05/24/2013 docket # 66 memorandum of points and authorities. (See Ex. D & E.)

**#12.** All the Superior Court Orders granting Plaintiff relief from P.C. 12021(c)(1) mentioned above were approved by the Department of Justice (DOJ) and the Judicial Council of California, yet the United States District Court treated the Superior Court "Record Evidence" as less then Garbage. (See  Calif. P.C.12021 (4), 12021(i))  & (See  18 U.S.C. Sections 1505- & 1509-.)

05 of 47

**#13.** The Superior Court Order "Record Evidence" granting Plaintiff relief from P.C.12021(c)(1) and the provisions and subdivisions of Calif. P.C.12021 that which are 'consistent' with the Court Orders granting Plaintiff relief, controls 100% of Plaintiffs' claims, controls 100% of the City & States falsified defense & controls 100% of the U.S. District Courts' <u>arbitrary determinations</u> which are 100% inconsistent with the "Superior Court Orders" granting Plaintiff relief from P.C.12021(c)(1) in **People v. Ben L. Fortson case # 9CA26115** and are also 100% inconsistent with the P.C.1385 dismissal in **People v. Ben L. Fortson case # 1CA15725** which is the City & States' 'own' adjudicated admission of GUILT. (See Ex. A,B,C,D & E.)

**#14.** Plaintiff was informed on 11/05/2014 by Det. R. Flores and Sgt. R. McCool that the civil action pending against L.A.P.D. was not in the agency's system, and that the agency had no knowledge of the case, and informed Plaintiff that the U.S. District Court failed to notify the agency, yet the U.S. District Court was actively Presiding over the case, knowing the L.A.P.D. had not been notified pursuant to law by the District Court for well over 2 years, which is misconduct and a violation of 18 U.S.C. Section 1505- Civil Investigative Demand....

**#15.** The U.S. District Court without legal grounds and under false pretenses stricken Plaintiffs' original complaint & ordered that Plaintiff not add as defendants,' the defendants' dismissed with prejudice in the case. This was a premeditated 'scheme' in order to cover-up / shields the defendants' from civil & criminal liability. (See D.C. 2: 12-cv-05256 Doc: # 58.)

**#16.** The U.S. District Court, with malice prepense falsified/outright 'LIED' that there is a "Record" that "clearly establishes" that Calif. P.C.12021 Sub.(c)(1) applied to Plaintiff, yet failed to specify which Record, however this is a bold lie

06 of 47

on part of the U.S. District Court, based on the fact there is NO! "Record" in Existence that clearly establishes that P.C.12021 Sub.(c)(1) applied to Plaintiff. The U.S. District Court with premeditation based its decisions on false record evidence with malice. (See Report and Recommendation (R&R) Doc: # 72 filed 11/15/2013 page # 15 lines 10, 11, 12, 26, & 27. & page # 20 lines 18, 19 & 20. & page # 19 line 23) & (See 18 U.S.C. 1519-.)

#17. The U.S. District Court, with malice "LIED" that there is a firearm possession exception to Calif. P.C.12021Sub.(c)(1) consistent with California law, yet failed to specify which law, however this is a complete lie. The TRUTH is, Calif. P.C. 12021Sub.(c)(1) is a 10 year firearm prohibition with NO firearm possession exceptions as a matter of law. This is an intentional misinterpretation, on part of the U.S. District Court, as 100% of the District Court' determinations were intentional misinterpretations by way of practice in the case. (See R&R Doc. #72 page # 14 lines 9 though 25) & (See Ex. C. P.C.12021(c)(1)) & (See 18 U.S.C. Section 1515- & 18 U.S.C. Section 1519- in particular.)

#18. The United States District Court with malice omitted the provisions and subdivisions of Calif. P.C.12021 that which are 'consistent' with the Court Orders granting Plaintiff relief from 12021 Sub.(c)(1) in **People v. Ben L. Fortson case # 9CA26115** & the U.S. District Court with malice prepense omitted the adjudicated admission of guilt on part of the State in **People v. Ben L. Fortson case # 1CA15725**. (See **D.C. No. 2: 12-cv-05256-MWF-SP**) & (See Ex. A through E.)

#19. The U.S. District Court, with malice omitted the false & corrupt entry made under false pretenses by the City & State, in **People v. Ben L. Fortson case # 1CA15725,** apparently the State arbitrarily imposed a P.C.12021 Sub.(c)(1) against Plaintiff on a P.C.1385 dismissal in order to make void/not take effect & to block

the valid Court Orders granting Plaintiff relief from P.C.12021 Sub.(c)(1) in **People v. Ben L. Fortson case # 9CA26115**. Whoever made the false entry, deliberately failed to identify who they were, which is a clear illegal entry on its FACE pursuant to18 U.S.C. Section 1519-1506-1509-. (See 18 U.S.C.1515- & Ex. B page # 2 the illegal entry made on 01/24/2012) & (See State's illegal entry made on 05/03/2013 on page #2 @ very bottom left-hand corner.)

**#20.** The U.S. District Court, with malice, disregarded the bold falsified answers / counter statements of material facts in the case, that which the City & State submitted to the U.S. District Court, which are 100% inconsistent with the valid Court Order evidence granting Plaintiff relief from P.C.12021 Sub.(c)(1) and are 100% inconsistent with the States 'own' adjudicated admission of guilt in **People v. Ben L. Fortson case # 1CA15725.** (See **D.C. No. 2: 12-cv-05256-MWF-SP.**)

**# 21.** The U.S. District Court, with express malice, disregarded the legal fact that the City & State in the case failed to submit to the U.S. District Court "Evidence" being a copy of the "Court Order" subjecting Plaintiff to firearm prohibition Calif. P.C. 12021 Sub.(c)(1) of which the defendants' are required / bound by law to submit to the U.S. District Court as evidence to prove the City & States defense.

**#22.** The U.S. District Court, with malice, perverted the granting of relief from P.C. 12021 Sub.(c)(1) in **People v. Ben L. Fortson case # 9CA26115** into a Superior Court failure to notify Plaintiff of a P.C.12021 Sub.(c)(1). The U.S. District Court is bound by law to acknowledge, comply with & enforce the valid Superior Court Orders granting Plaintiff relief from P.C.12021 Sub.(c)(1) of which is the primary issue in the case, but in defiance of complying with & enforcing the valid Court Orders, the U.S. District Court obstructed & violated the valid Court Orders granting Plaintiff relief from P.C.12021 Sub.(c)(1). (See R&R. Doc. #72

08 of 47

page # 14 lines 22, 23, 24, & 25) & (See 18 U.S.C. Section 1509-,1515-) & (See Calif. P.C.12021 (4) & 12021 (i)).

**#23.** The U.S. District Court, with express malice, failed to follow legally binding Federal Rules of Evidence adopted and prescribed by the Supreme Court of the U.S. and with malice prepense omitted all laws directly relating to a Calif. P.C.12021(c)(1) in **People v. Ben L. Fortson case # 9CA26115** which are legally binding and are not ambiguous. (See F.R.E. in particular F.R.E. 101,102 & 104 (b) & Ex. A through E) & (See R&R. Doc. # 72 page # 14 lines 10 & 23) & (See 18 U.S.C. Sections 1509-).

**#24.** Plaintiff can conclusively prove as a matter of 'simple Case Law' that the U.S. District Court, with malice failed to comply with laws & Federal Rules of Evidence adopted & prescribed by the Supreme Court of the U.S. based on the legal fact that 'IF' the U.S. District Court, had 'only' followed the laws, pursuant to F.R.E., the U.S. District Court, as a matter of "Simple Case Law" conclusively would have come to the same legal conclusion that the State was forced to come to in **People v. Ben L. Fortson case # 1CA15725**, which was solely based on the Court Orders/laws in **People v. Ben L. Fortson case # 9CA26115** granting Plaintiff relief from P.C.12021 Sub.(c)(1) permitting Plaintiff to keep his 2nd Amendment Right to Bear Arms. This unavoidable legal conclusion proves the U.S. District Court, with malice intent, failed to comply with and enforce the valid Superior Court record evidence/laws and the F.R.E. (See F.R.E.101&102) & (See Exs. A through E.)

**#25.** The U.S. District Court, pursuant to the U.S. Constitution, F.R.E. & Calif. P.C. 12021(i), is bound by law to acknowledge, comply with and enforce the valid "Superior Court Orders" granting Plaintiff relief from Calif. P.C.12021 Sub.(c)(1)

09 of 47

in **People v. Ben L. Fortson case # 9CA26115** and is bound by law to enforce the provisions and subdivisions of Calif. P.C.12021 that which are 'consistent' with the valid Court Orders granting Plaintiff relief from Calif. P.C.12021 Sub.(c)(1). All Judges state & federal in this Case are considered by law to be "Law Enforcement Officers" and are legally bound to acknowledge, comply with and enforce the valid "Superior Court Orders" granting Plaintiff relief from Calif. P.C.12021Sub.(c)(1) in **People v. Ben L. Fortson case # 9CA26115,** however as of 06/15/2012 the U.S District Court, Judge M.W. Fitzgerald & Judge S. Pym, with malice prepense practiced, rehearsed & organized ways to defy and obstruct the valid "Superior Court Orders" granting Plaintiff relief from Calif. P.C. Section 12021 Sub.(c)(1). (See R&R. Doc. # 72) & (See M.W. Fitzgerald denying plaintiff's Motion for Reconsideration. Doc # 108 Page 1&2 lines 28, 1&2.)

**#26.** The U.S. District Court, maintained as true, what the laws, facts & valid Superior Court record evidence in the Courts' 'possession' proved to be false, and when considering the "Simple Case Law" factor of the case in question, the U.S. District Court by and large obstructed, violated, & perverted the adjudicative (controlling) laws, facts & evidence in the case with malice prepense.
All law enforcement officers including Judges, in this case that have attempted in any way, shape, form or fashion to defeat / block the valid Court Orders granting plaintiff relief from Calif. P.C.12021 Sub.(c)(1) has criminally violated 18 U.S.C. Sections 1505-, 1506-,1509-,1519- & (See 18 U.S.C. Section 1515- Definitions.)

**#27.** Any and all that is required to adjudicate the case in question in a legal, timely & fair manner are: **1.**The Superior Court Orders granting Plaintiff relief from 12021(c)(1) in **People v. Ben L. Fortson case # 9CA26115**, **2.**The provisions & subdivision of Calif. P.C.12021 that which are 'consistent' with the

Court Orders granting Plaintiff relief from P.C. 12021Sub.(c)(1) & **3.**The P.C. Section 1385(a) dismissal / adjudicated admission of guilt on part of the State in **People v. Ben L. Fortson case # 1CA15725,** which is Simple Case Law even for Plaintiff in Pro Per, with zero formal law training.

**#28.** The U.S. District Court, with malice prepense, disregarded the U.S. Constitution & F.R.E. which are the very foundation of the Rule of Law & Order of the United States in this case of which is Treason. The U.S. District Court only needed to acknowledge, comply with & enforce the valid Superior Court Order granting Plaintiff relief from Calif. P.C. Section 12021 Subdivision (c)(1) of which is the property of the Justice System.

**#29.** The U.S. District Court, motivation(s) for this, besides taking Plaintiff for a fool, overwhelmingly appears to be based on the "blue code" routine practice of cover-up in order to shield the City & State from Criminal and Civil Liability, and a desperate 'ill-will' to participate and aid in the deprivations of Plaintiffs' Civil Rights, taking into account Plaintiffs' overall age-old & well documented 'Low Status' with regard to law in the U.S. as clearly demonstrated by way of the U.S. District Courts' malfeasance. Nevertheless, Plaintiff need not prove motives as a matter of law; however the preponderance of evidence, laws & totality of the circumstances proves actual ill-will intent in this case, of which by law is all Plaintiff legally must & shall prove to a jury.

**#30.**The U.S. District Court knew the Court had in its possession the court orders granting Plaintiff relief, and the court has the burden of proof to 'justify' how the U.S. District Court's judgments & conclusions are legally 100% contrary to the Court Orders, and the City & State's forced adjudicated admission of guilt and liability in **People v. Ben L. Fortson case # 1CA15725.**

**#31.** The Federal Pro Se, located in the United States District Court, located down town Los Angeles, informed Plaintiff on 4 occasions that Plaintiff unequivocally could NOT Sue the United States District Court and Judges for misconduct & refused to answer any and all questions regarding Statutes of Limitations, Venue & Jurisdiction. The first denial was about 05/2013, the second about 08/2014, and the most resent denials were on 05/25/2016 & 06/06/2016 by Ms. Janet Lewis in the Federal Pro Se Clinic, down town Los Angeles. However on 06/06/2016 after debating with Ms. Lewis, she became visibly annoyed & reluctantly gave plaintiff a civil complaint and yet still refused to answer any and all of plaintiffs' inquiries.

**#32.** This is brought before the Court on the bases of, IF, statute of limitation becomes an issue in this case. On 06/06/2016 Plaintiff asked Ms. Janet Lewis of the Federal Pro Se clinic if she was "instructed" to inform People who want to sue the U.S. District Court and Judges for misconduct that they could not do so, & she answered "Yes". Nonetheless, IF statute of limitation becomes an issue in this case, Plaintiff respectfully request that statute of limitation be waived on the grounds of fraudulent statements on part of the U.S. District Court's Federal Pro Se Clinic. And if necessary, this also, can be submitted to a Jury.

12 of 47

# V. CLAIMS

## CLAIMS #1, 2, 3, 4 & 5.

#33. Plaintiff realleges and incorporates by reference to all of the paragraphs above.

#34. Plaintiff has a claim under 42 U.S.C. Section 1983 for violation of the following federal constitutional and or statutory civil rights:

#35. 2nd Amendment: The right of the people to keep and bear Arms…

#36. 5th Amendment: Nor be deprived of life, liberty, or property, without due process of Law…

#37. 7th Amendment: In Suits at common law, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined…

#38. 14th Amendment: Equal protection of the Laws.

#39. Conscious deliberate material omission of laws, court record evidence, the U.S. Constitution, Federal Rules of Evidence & Calif. P.C. Section 12021(4) & Calif. P.C. Section 12021(i) with malice prepense.

#40. The above civil rights were violated by the following Defendants:

1. The United States District Court Central District of California.

2. M.W. Fitzgerald, United States District Court Judge Central District of California. M.W. Fitzgerald, had a prime opportunity, in particular a case of this nature, to prove U.S. President Obama s' judgment was correct when the President

stated during Fitzgerald's appointment, that he believes Fitzgerald would be a fair Judge, yet Fitzgerald with malice prepense dishonored the President of the U.S. & recklessly squandered the opportunity, and has lost 'all' legitimacy.(See Ex. F).

**3.** Sheri Pym, United States District Court Magistrate Judge Central District of California,  Sheri Pym eagerly followed protocol and has lost 'all' legitimacy.

**#41.** M.W. Fitzgerald & S. Pym with malice dishonored Judge Stuart M. Rice, a most honorable Judge and a fine Judge indeed! (See Judge in Case # 9CA26115).

**#42.** Plaintiff demands that the U.S. President Mr. Barack Obama and the U.S. Attorney General Ms. Loretta Lynch be provided with a full copy of this complaint. 'Judicial abuse of this nature requires a certain kind of mental illness'.

**#43.** As a result of the Defendant's violation of the above civil rights, Plaintiff was harmed in the following ways:

**1.** Family disruption, emotional distress, torment, severe mental anguish and impairment to reputation, loss of time, injury to character, severe paranoia, horrific nightmares, and in fear for my safety, life & deprivation of the following:

**2.** 2nd Amendment: The right of the people to keep and bear arms…

**3.** 5th Amendment: Nor be deprived of liberty, or property, without due process of law…

**4.** 7th Amendment: In Suits at common law, the right of trial by jury shall be preserved…

**5.** 14th Amendment: Equal protection of the laws…

## VI. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff request:

**#44. Compensatory Damages**: In the sum of $5,000,000 for Judicial abuse, torture & torment family disruption, emotional distress, mental anguish and impairment to reputation, loss of time, injury to reputation and character, severe depression & paranoia, horrific nightmares and in fear for my & my families safety & life. (See Bertero v. National Gen. Corp).

**#45. Punitive Damages**: In the sum of $20,000,000. When it is proven by clear and convincing "Evidence" that the defendants have been guilty of malice/actual ill will, punitive damages is precisely the type of tortious conduct that an award of punitive damages is designed to deter. The wealthier the wrongdoing defendant, the larger the award of punitive damages need be in order to accomplish the statutory objective of making the defendants an example and punishing the defendant(s). (See Bertero v. National Gen. Corp.)

**#46. MALICE DEFINED**: MALICE IS DEFINED AS CONDUCT INTENDED TO CAUSE INJURY, OR **DESPICABLE CONDUCT** THAT IS CARRIED ON WITH WILLFUL AND CONSCIOUS DISREGARD OF THE SAFTEY OR RIGHTS OF OTHERS. (See Civ. Codes Sections 3294(a) - & 3294(c)(1)-).

**#47.** See Judicial Immunity v. Due Process.

**#48.** See Stephen Ulrich vs. David W. Butler, Civil Docket # 1: 09 - CV – 1133. & See Appeals Number 09 - 2414, 09 – 2610.

**#49.** Duncan v. Missouri, 152 U.S. 377, 382 (1894). Due process of law and the equal protection of the laws are secured if the laws operate on all alike, and do not subject the individual to an "Arbitrary" exercise of the powers of government.

**#50.** Case law HAS held that judges are accountable. (See Com. v. Ellis, 429 Mass, 362, 371 (1999)), where the Supreme Judicial Court of Massachusetts recognized that "Article 5… provides that officers of government 'are at all times accountable to [the people]…

**#51.** Cannon v. Commission on Judicial Performance, (1983) 33 Cal. 3d 359, 371, 374. Acts in excess of judicial authority constitutes misconduct, particularly where a judge deliberately disregards the requirements of fairness and due process.

**#52.** Owen v. City of Independence. "The innocent individual who is harmed by an abuse of governmental authority is assured that he will be compensated for his injury."

**#53.** The Eleventh amendment was not intended to afford them freedom from liability in any case where under color of their office; they have injured one of the State's citizens. To grant them such immunity would be to create a privileged class free from liability from wrongs inflicted or injuries threatened. Public agents must be liable to the law, unless they are to be about the law.

See OLD COLONY TRUST COMPANY v. CITY SEATTLE ET AL.(6/01/26) 271 U.S. 426,46S.Ct. 552, 70 L. Ed at page 431.

**#54.** The Court in Yates v. Village of Hoffman Estates, Illinois, 209 F. Supp. 757 (N.D. Ill. 1962) held that "not every action by a judge is in the exercise of his judicial function. … it is not a judge function for a judge to commit an international tort even though the tort occurs in the courthouse. When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges' orders are void, of no legal force or effect.

**#55.** Truax v. Corrigan, 257 U.S. 312, 332. "Our whole system of law is predicated on the general fundamental principle of 'equality' of application for the law. 'All men are equal before the law.' "This is a government of laws and not of men,' 'No man is above the law,' are all maxims showing the spirit in which legislatures, executives, and courts are expected to make, execute and apply laws. But the framers and adopters of the (Fourteenth) Amendment were not content to depend…upon the spirit of equality which might not be insisted on by local public opinion. They therefore embodied that spirit in a specific guaranty."

**#56.** Thomas v. Collins, supra, 323 US 516, 531. Hence, the act of filing suit against a government entity represents an exercise of the right of petition and thus invokes constitutional protection.

**#57.** No officer of the law may set that law at "defiance" with "impunity". See United States v. Lee, 106 U.S. 196, 220. & Burton v. United States, 202 U.S. 334.

**#58.** Judicial Immunity to no extent means 'judicial impunity'.

_17_ of 47

## DEMAND FOR JURY TRIAL

#59. Based on the forgoing Plaintiff has no confidence in the U.S. District Courts' integrity to adjudicate and determine this case in a legal, timely & fair manner.

#60. Plaintiff hereby demands a jury trial on 'all issues' raised in this complaint, in a legal and timely manner pursuant to and in compliance with the U.S. 7th Amendment.

YES.

#61.    Date                                   Signature

08-22-2016                        Ben L. Fo

18 of 47

**#62.** The U.S. District Court's brazen malicious violation of Plaintiff's Civil Rights, including the obstruction of the valid Superior Court Orders granting Plaintiff relief from Calif. P.C. Section 12021 Sub.(c)(1), without doubt proves, Plaintiff as a Hebrew Israelite, called by the byword "Black" my U.S. Civil Rights are Not guaranteed, and are not enforced conclusively, but are granted and enforced arbitrarily, based only on preference, of which is tyranny, for which there is no "ACCOUNTABILITY".

# EXHIBIT A

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NO. 9CA26115                                          PAGE NO.  1
THE PEOPLE OF THE STATE OF CALIFORNIA    VS.         CURRENT DATE 05/09/13
DEFENDANT 01:  BENJAMIN    FORTSON
LAW ENFORCEMENT AGENCY EFFECTING ARREST: LOS ANGELES CITY ATTORNEY

BAIL: APPEARANCE  AMOUNT     DATE      RECEIPT OR  SURETY COMPANY    REGISTER
        DATE      OF BAIL    POSTED    BOND NO.                      NUMBER

CASE FILED ON 07/24/09.
 COMPLAINT FILED, DECLARED OR SWORN TO CHARGING DEFENDANT WITH HAVING
COMMITTED, ON OR ABOUT 06/12/09 IN THE COUNTY OF LOS ANGELES, THE FOLLOWING
OFFENSE(S) OF:
   COUNT 01: 242-243(E)(1) PC MISD
NEXT SCHEDULED EVENT:
   08/12/09   830 AM  ARRAIGNMENT   DIST CENTRAL ARRAIGN CTHOUSE DEPT 081


ON 08/12/09 AT  830 AM  IN CENTRAL ARRAIGN CTHOUSE DEPT 081


CASE CALLED FOR ARRAIGNMENT
PARTIES: TIMOTHY M MURPHY (JUDGE)  TED LAI  (CLERK)
         NONE  (REP)      ZACHARY H. LODMER  (CA)
STIPULATED THAT TIMOTHY M MURPHY (JUDGE) MAY HEAR THE CAUSE AS TEMPORARY JUDGE.
DEFENDANT DEMANDS COUNSEL.
COURT REFERS DEFENDANT TO THE PUBLIC DEFENDER.
PUBLIC DEFENDER APPOINTED.  NANCY D. CALERO - P.D.
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY NANCY D. CALERO DEPUTY PUBLIC
    DEFENDER
DEFENDANT STATES HIS/HER TRUE NAME AS CHARGED.
DEFENDANT ADVISED OF THE FOLLOWING RIGHTS VIA VIDEO CASSETTE:
 DEFENDANT ARRAIGNED AND ADVISED OF THE FOLLOWING RIGHTS AT MASS
   ADVISEMENT:  SPEEDY PUBLIC TRIAL, TRIAL WITHIN 30/45 DAYS, RIGHT
   TO REMAIN SILENT, SUBPOENA POWER OF COURT, CONFRONTATION AND
   CROSS EXAMINATION, JURY TRIAL, COURT TRIAL, RIGHT TO ATTORNEY,
   SELF REPRESENTATION, REASONABLE BAIL, CITIZENSHIP, EFFECT OF
   PRIORS, PLEAS AVAILABLE PROBATION.
A COPY OF THE COMPLAINT AND THE ARREST REPORT GIVEN TO DEFENDANTS COUNSEL.
THE DEFENDANT IS ADVISED OF FINANCIAL RESPONSIBILITY.
DEFENDANT WAIVES FURTHER ARRAIGNMENT.

DEFENDANT PLEADS NOT GUILTY TO COUNT 01, 242-243(E)(1) PC.
  PRE-TRIAL HEARING SET FOR 09/02/09 IN DEPT. 40 AT 8:30 AM.

  CRIMINAL PROTECTIVE ORDER SERVED AND FILED.

  ERM WAS JOHN CRUSE.

  *************ENTRY BY S.LOPEZ*******
NEXT SCHEDULED EVENT:
09/02/09   830 AM  PRETRIAL HEARING   DIST CRIM JUSTICE CTR (LAC) DEPT 040


ON 09/02/09 AT  830 AM  IN CRIM JUSTICE CTR (LAC) DEPT 040

CASE CALLED FOR PRETRIAL HEARING
PARTIES: KARLA D. KERLIN (JUDGE)  STEVEN WINSTON  (CLERK)
         LISA SCHIRMEISTER          (REP)  TASHA B. PENNY  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JOHN B. PERRONI, III DEPUTY

21 of 47

CASE NO. 9CA26115                                    PAGE NO.    2
DEF NO.  01                                          DATE PRINTED 05/09/13

    PUBLIC DEFENDER
    MATTER TO TRAIL PRETRIAL WITHIN THE PERIOD TO 09-17-09
    IN DEPARTMENT 40 AT 09:00 A.M..
    .
    WITNESS BETTY LOPEZ ORDERED TO RETURN FOR NEXT COURT DATE.
    .
    X-REF: 6CA21713.
    .
    ***************TCIS ENTRY BY J. ESPARZA FROM NOTES*****************
    COURT ORDERS AND FINDINGS:
    -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
    09/17/09   900 AM  PRETRIAL HEARING TRAILED   DIST CRIM JUSTICE CTR (LAC)
       DEPT 040


ON 09/17/09 AT  900 AM  IN CRIM JUSTICE CTR (LAC) DEPT 040


CASE CALLED FOR PRETRIAL HEARING TRAILED
PARTIES: KARLA D. KERLIN (JUDGE)  STEVEN WINSTON  (CLERK)
                RONALD KIM       (REP)  JACQUELYN LAWSON  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY KENT K WAKUTA DEPUTY PUBLIC
   DEFENDER
   CASE TRANSFERRED TO DEPARTMENT 56 FOR TRIAL ON 09/24/09
   AS DAY 8 OF 10.  DEFENDANT IS ORDERED TO APPEAR/ORDERED OUT.
   .
   NO TIME ESTIMATE IS GIVEN.
   .
   PROBATION CASE 6CA21713-01 IS TRAILING THIS CASE.
   .
   WITNESS BETTY LOPEZ IS ORDERED BACK ON 09/24/09, DEPARTMENT 56.
   .
   **TCIS ENTRY IS MADE BY J BUENO ON 09/18/09 PER NOTES IN FILE**
   COURT ORDERS AND FINDINGS:
   -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
   09/24/09   830 AM  JURY TRIAL   DIST CRIM JUSTICE CTR (LAC) DEPT 056
DAY 08 OF 10


ON 09/24/09 AT  830 AM  IN CRIM JUSTICE CTR (LAC) DEPT 056

CASE CALLED FOR JURY TRIAL
PARTIES: STUART M. RICE (JUDGE)  JOSEPH PULIDO  (CLERK)
                KATHRYN TIPPINGS        (REP)  JENNIFER A. WAXLER  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JAMAL L TOOSON DEPUTY PUBLIC
   DEFENDER
   AS MORE FULLY REFLECTED IN THE NOTES OF THE OFFICIAL COURT
   REPORTER, ON COURT'S OWN MOTION AND OVER THE OBJECTION OF THE
   DEFENDANT, THE MATTER IS ORDERED CONTINUED TO THE DATE OF
   SEPTEMBER 25, 2009 IN DEPARTMENT 56.  REASON: NO COURT'S
   AVAILABLE.
   .
   ALL PARTIES ORDERED TO RETURN ON SAID DATE.
   .
   PROBATION CASE 6CA21713-01 TO TRAIL THIS MATTER.

CASE NO. 9CA26115                                    PAGE NO.   3
DEF NO.  01                                          DATE PRINTED 05/09/13


ON PEOPLE'S MOTION, ATTACHMENT FOR DEFAULTING WITNESS BETTY
LOPEZ IS ORDERED ISSUED AND HELD TO SEPTEMBER 25, 2009 IN
DEPARTMENT 56.
NEXT SCHEDULED EVENT:
 UPON MOTION OF COURT
 09/25/09   830 AM  JURY TRIAL   DIST CRIM JUSTICE CTR (LAC) DEPT 056
DAY 09 OF 10

CUSTODY STATUS: DEFENDANT REMAINS ON OWN RECOGNIZANCE


ON 09/25/09 AT  830 AM  IN CRIM JUSTICE CTR (LAC) DEPT 056

CASE CALLED FOR JURY TRIAL
PARTIES: STUART M. RICE (JUDGE)  JOSEPH PULIDO  (CLERK)
               GENEVIEVE ORONA  (REP)    KASSANDRA PEREZ  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JAMAL L TOOSON DEPUTY PUBLIC

 DEFENDER APPEARING BY M.HUNTLEY,DPD
 ALL PARTIES ENTER INTO CASE DISPOSITION IN THIS MATTER AND IN
    PROBATION CASE 6CA21713-01.

    ATTACHMENT FOR DEFAULTING WITNESS BETTY LOPEZ ISSUED AND HELD TO
    THIS DATE IS NOW ORDERED RECALLED AND QUASHED.
DEFENDANT ADVISED OF AND PERSONALLY AND EXPLICITLY WAIVES THE FOLLOWING RIGHTS:
   WRITTEN ADVISEMENT OF RIGHTS AND WAIVERS FILED, INCORPORATED BY REFERENCE
HEREIN
TRIAL BY COURT AND TRIAL BY JURY
    CONFRONTATION AND CROSS-EXAMINATION OF WITNESSES;
    SUBPOENA OF WITNESSES INTO COURT TO TESTIFY IN YOUR DEFENSE;
    AGAINST SELF-INCRIMINATION;
DEFENDANT ADVISED OF THE FOLLOWING:
 THE NATURE OF THE CHARGES AGAINST HIM, THE ELEMENTS OF THE OFFENSE IN THE
    COMPLAINT, AND POSSIBLE DEFENSES TO SUCH CHARGES;
 THE POSSIBLE CONSEQUENCES OF A PLEA OF GUILTY OR NOLO CONTENDERE, INCLUDING
    THE MAXIMUM PENALTY AND ADMINISTRATIVE SANCTIONS AND THE POSSIBLE LEGAL
    EFFECTS AND MAXIMUM PENALTIES INCIDENT TO SUBSEQUENT CONVICTIONS FOR THE
    SAME OR SIMILAR OFFENSES;
 THE EFFECTS OF PROBATION;

 IF YOU ARE NOT A CITIZEN, YOU ARE HEREBY ADVISED THAT A CONVICTION OF THE
    OFFENSE FOR WHICH YOU HAVE BEEN CHARGED WILL HAVE THE CONSEQUENCES OF
    DEPORTATION, EXCLUSION FROM ADMISSION TO THE UNITED STATES, OR DENIAL OF
    NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES.
COUNSEL FOR THE DEFENDANT JOINS IN THE WAIVERS AND CONCURS IN THE PLEA.
COURT FINDS THAT EACH SUCH WAIVER IS KNOWINGLY, UNDERSTANDINGLY, AND EXPLICITLY
    MADE;
THE DEFENDANT PERSONALLY WITHDRAWS PLEA OF NOT GUILTY TO COUNT 01 AND PLEADS
    NOLO CONTENDERE WITH THE APPROVAL OF THE COURT TO A VIOLATION OF SECTION
    242-243(E)(1) PC IN COUNT 01.  THE COURT FINDS THE DEFENDANT GUILTY.
COUNT (01) : DISPOSITION: CONVICTED
COURT FINDS THAT THERE IS A FACTUAL BASIS FOR DEFENDANT'S PLEA, AND COURT
    ACCEPTS PLEA.
NEXT SCHEDULED EVENT:
    SENTENCING

23 of 47

CASE NO. 9CA26115                              PAGE NO.    4
DEF NO.    01                                  DATE PRINTED 05/09/13

DEFENDANT WAIVES ARRAIGNMENT FOR JUDGMENT AND STATES THERE IS NO LEGAL CAUSE
WHY SENTENCE SHOULD NOT BE PRONOUNCED. THE COURT ORDERED THE FOLLOWING
JUDGMENT:
AS TO COUNT  (01):
IMPOSITION OF SENTENCE SUSPENDED
DEFENDANT PLACED ON SUMMARY PROBATION
  FOR A PERIOD OF 003 YEARS UNDER THE FOLLOWING TERMS AND CONDITIONS:
  PLUS $30.00 COURT SECURITY ASSESSMENT (PURSUANT TO 1465.8(A)(1) P.C.)
    $30.00 CRIMINAL CONVICTION ASSESSMENT (PURSUANT TO 70373 G.C.)
    $338.00 987.8 P.C. - ATTORNEY FEES
    $25.00 ADMINISTRATIVE SCREENING FEE (PURSUANT TO 1463.07PC)
    $400.00 DOMESTIC VIOLENCE FUND(PURSUANT TO 1203.097 P.C.)
    $35.00 INSTALLMENT & ACCOUNTS RECEIVABLE FEE (PURSUANT TO 1205(D)PC)
  DEFENDANT TO PAY FINE TO THE COURT CLERK
  DEFENDANT SHALL PAY A RESTITUTION FINE IN THE AMOUNT OF $100.00 TO THE COURT
    BY 09/26/11
    TOTAL DUE: $958.00
  IN ADDITION:

  -DEFENDANT IS ORDERED TO PAY A PROBATION REVOCATION RESTITUTION
    FINE PURSUANT TO PENAL CODE SECTION 1202.44, IN THE AMOUNT OF
    $ 100.00. THIS FINE SHALL BECOME EFFECTIVE UPON THE REVOCATION
    OF PROBATION.
  -NOT OWN, USE OR POSSESS ANY DANGEROUS OR DEADLY WEAPONS,
    INCLUDING ANY FIREARMS, KNIVES OR OTHER CONCEALABLE WEAPONS.

  COURT ORDERS AND FINDINGS:
  -DO NOT USE OR THREATEN TO USE FORCE OR VIOLENCE ON ANY PERSON.
    DO NOT ANNOY, HARASS OR MOLEST ANY PERSON OR WITNESS INVOLVED IN
    THIS CASE, ESPECIALLY BETTY LOPEZ.

    CRIMINAL PROTECTIVE ORDER - DOMESTIC VIOLENCE
    AS TO PROTECTED PERSON BETTY LOPEZ IS SIGNED
    AND FILED THIS DATE.
  -OBEY THE PROTECTIVE ORDER ISSUED IN THIS OR ANY OTHER CASE.
  -DEFENDANT IS SERVED WITH A COPY OF THE PROTECTIVE ORDER IN OPEN
    COURT.
  -DEFENDANT ACKNOWLEDGES TO THE COURT THAT THE DEFENDANT
    UNDERSTANDS AND ACCEPTS ALL THE PROBATION CONDITIONS, AND
    DEFENDANT AGREES TO ABIDE BY SAME.

  -DEFENDANT IN OPEN COURT IS HANDED A COPY OF THE ABOVE CONDITIONS
    OF PROBATION.
  OBEY ALL LAWS AND FURTHER ORDERS OF THE COURT.
  PERFORM 25 DAYS OF COMMUNITY LABOR (CAL TRANS, MTA-MAARS,
  HBT, GRAFFITI REMOVAL, BEACH CLEANUP, COMMUNITY CLEANUP,
  OTHER), WITH CREDIT FOR 0 DAYS ACTUAL.

  TOTAL: 25 DAYS COMMUNITY LABOR.

  SIGN UP FOR SUCH WORK ONLY AT A COURT-APPROVED VOLUNTEER CENTER
  OR IN THE CLERKS OFFICE. FAILURE TO COMPLETE ALL COURT-ORDERED
  WORK WITHOUT EXCUSE MAY RESULT IN JAIL.

  ENROLL IN AND SUCCESSFULLY COMPLETE A 52 WEEK DOMESTIC VIOLENCE
  TREATMENT PROGRAM APPROVED BY THE COURT. ATTEND ALL COUNSELING

24 of 47

CASE NO. 9CA26115                                          PAGE NO.    5
DEF NO.  01                                                DATE PRINTED 05/09/13

SESSIONS, KEEP ALL PROGRAM APPOINTMENTS AND PAY ALL PROGRAM FEES
IN ACCORDANCE WITH DEFENDANT'S ABILITY TO PAY.

DEFENSE REQUEST FOR EXCEPTION TO WEAPON RESTRICTION GRANTED.

DEFENDANT MAY POSSESS/USE WEAPON DURING THE COURSE OF HIS
EMPLOYMENT AS A SECURITY GUARD. THE WEAPON ASSIGNED TO THE
DEFENDANT SHALL REMAIN AT PLACE OF EMPLOYMENT AT END OF
WORK SHIFT.

DEFENDANT TO APPEAR IN DEPARTMENT 47 ON THE DATE OF OCTOBER
26, 2009 TO SHOW PROOF OF ENROLLMENT AND PARTICIPATION IN
DOMESTIC VIOLENCE COUNSELING PROGRAM AND ENROLLMENT AND
ATTENDANCE IN COMMUNITY LABOR PROGRAM.

COURT ORDERED FEES, FINES AND RESTITUTION ARE DUE
ON OR BEFORE THE DATE OF SEPTEMBER 26, 2011 AND PAYABLE IN
THE CLERKS OFFICE. UPON EXPIRATION/TERMINATION OF

PROBATION, AND AS PROVIDED BY SECTION 1214 OF THE
PENAL CODE, ANY UNPAID PORTION WILL BE REFERRED
FOR CIVIL COLLECTION.
COUNT (01): DISPOSITION: CONVICTED
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
 UPON MOTION OF COURT
   10/26/09   830 AM  PROOF OF DOMESTIC VIOL CLASS   DIST CRIM JUSTICE CTR (LAC)
      DEPT 047
NEXT SCHEDULED EVENT:
  OR DISCHARGED

CUSTODY STATUS: ON PROBATION

10/02/09  ARREST DISPOSITION REPORT SENT VIA FILE TRANSFER TO DEPARTMENT OF
          JUSTICE

ON 10/26/09 AT  830 AM  IN CRIM JUSTICE CTR (LAC) DEPT 047

CASE CALLED FOR PROOF OF DOMESTIC VIOL CLASS
PARTIES: COMR. H. ELIZABETH HARRIS (JUDGE)  DIANNE WRIGHT  (CLERK)

              SYLVIA BALICH        (REP)  JACQUELYN MASON  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JAMAL L TOOSON DEPUTY PUBLIC
   DEFENDER
STIPULATED THAT A TEMPORARY JUDGE MAY HEAR THE CASE
   DEFENDANT SUBMITS PROOF OF COMPLETION OF 03 OF 52 SESSIONS OF
   DOMESTIC VIOLENCE COUNSELING.

MATTER IS CONTINUED TO 01-28-10 AT 08:30 A.M. IN DEPARTMENT 47
FOR PROOF OF PROGRESS OF DOMESTIC VIOLENCE COUNSELING.

****TCIS ENTRY MADE BY S. DE LA GARZA PER NOTES IN FILE****
COURT ORDERS AND FINDINGS:
-THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
   01/28/10   830 AM  PROOF OF DOMESTIC VIOL CLASS   DIST CRIM JUSTICE CTR (LAC)

25 of 47

CASE NO. 9CA26115                              PAGE NO.    6
DEF NO.   01                                   DATE PRINTED 05/09/13

      DEPT 047

CUSTODY STATUS: ON PROBATION


ON 01/28/10 AT  830 AM  IN CRIM JUSTICE CTR (LAC) DEPT 047

CASE CALLED FOR PROOF OF DOMESTIC VIOL CLASS
PARTIES: COMR. H. ELIZABETH HARRIS (JUDGE)  DIANNE WRIGHT  (CLERK)
                SYLVIA BALICH        (REP)  JACQUELYN MASON  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JINELLE L MITROVICH DEPUTY
  PUBLIC DEFENDER
STIPULATED THAT A TEMPORARY JUDGE MAY HEAR THE CASE
   DEFENDANT SUBMITS PROOF OF COMPLETION OF 24 OF 200 HOURS OF
   COMMUNITY LABOR.
   DEFENDANT SUBMITS PROOF OF COMPLETION OF 13 OF 52 SESSIONS
   OF DOMESTIC VIOLENCE COUNSELING.

   MATTER IS CONTINUED TO 04-29-10 AT 08:30 A.M. IN DEPARTMENT 47
   FOR PROOF OF PROGRESS OF DOMESTIC VIOLENCE COUNSELING AND
   COMMUNITY LABOR.

   ****TCIS ENTRY MADE BY S. DE LA GARZA PER NOTES IN FILE****
   COURT ORDERS AND FINDINGS:
   -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
   04/29/10   830 AM  PROOF OF DOMESTIC VIOL CLASS   DIST CRIM JUSTICE CTR (LAC)
      DEPT 047

CUSTODY STATUS: ON PROBATION


ON 04/29/10 AT  830 AM  IN CRIM JUSTICE CTR (LAC) DEPT 047

CASE CALLED FOR PROOF OF DOMESTIC VIOL CLASS
PARTIES: COMR. H. ELIZABETH HARRIS (JUDGE)  DIANNE WRIGHT  (CLERK)
                SYLVIA BALICH        (REP)  JACQUELYN MASON  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JAMES A. GATES DEPUTY PUBLIC
  DEFENDER

STIPULATED THAT A TEMPORARY JUDGE MAY HEAR THE CASE
   DEFENDANT SUBMITS PROOF OF COMPLETION OF  26 OF 52 SESSIONS
   OF DOMESTIC VIOLENCE COUNSELING.
   DEFENDANT SUBMITS PROOF OF COMPLETION OF 160 OF 200 HOURS OF
   COMMUNITY LABOR.

   MATTER IS CONTINUED TO 07-29-10 AT 08:30 A.M. IN DEPARTMENT 47
   FOR PROOF OF PROGRESS OF DOMESTIC VIOLENCE COUNSELING.

   ****TCIS ENTRY MADE BY S. DE LA GARZA PER NOTES IN FILE****
   COURT ORDERS AND FINDINGS:
   -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
   07/29/10   830 AM  PROOF OF DOMESTIC VIOL CLASS   DIST CRIM JUSTICE CTR (LAC)
      DEPT 047

CASE NO. 9CA26115
DEF NO.  01

PAGE NO.   7
DATE PRINTED 05/09/13

CUSTODY STATUS: ON PROBATION

ON 07/29/10 AT  830 AM  IN CRIM JUSTICE CTR (LAC) DEPT 047

CASE CALLED FOR PROOF OF DOMESTIC VIOL CLASS
PARTIES: COMR. H. ELIZABETH HARRIS (JUDGE)  DIANNE WRIGHT  (CLERK)
             SYLVIA BALICH        (REP)  JACQUELYN MASON  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY C. A. CONTRERAS DEPUTY PUBLIC
    DEFENDER
STIPULATED THAT A TEMPORARY JUDGE MAY HEAR THE CASE
   DEFENDANT SUBMITS PROOF OF COMPLETION OF 39 DOMESTIC VIOLENCE
   COUNSELING SESSIONS.
   DEFENDANT SUBMITS PROOF OF COMPLETION OF 200 HOURS OF COMMUNITY
   LABOR.
   MATTER IS CONTINUED TO 10-28-10 AT 08:30 A.M. IN DEPARTMENT 47
   FOR PROOF OF PROGRESS OF DOMESTIC VIOLENCE COUNSELING AND

   FINES/FEES.
   .
   ENTRY BY S.DE LA GARZA
   COURT ORDERS AND FINDINGS:
   -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
   10/28/10   830 AM  PROOF OF DOMESTIC VIOL CLASS   DIST CRIM JUSTICE CTR (LAC)
      DEPT 047

CUSTODY STATUS: ON PROBATION

ON 10/28/10 AT  830 AM  IN CRIM JUSTICE CTR (LAC) DEPT 047

CASE CALLED FOR PROOF OF DOMESTIC VIOL CLASS
PARTIES: COMR. H. ELIZABETH HARRIS (JUDGE)  DIANNE WRIGHT  (CLERK)
             SYLVIA BALICH        (REP)  JACQUELYN MASON  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY C. A. CONTRERAS DEPUTY PUBLIC
    DEFENDER
STIPULATED THAT A TEMPORARY JUDGE MAY HEAR THE CASE
PAYMENT IN THE AMOUNT OF $715.00 PAID ON 10/28/10 RECEIPT # LAB434354021

   REMAINDER OF FINES/FEES ARE WAIVED/SUSPENDED.
   DEFENDANT SUBMITS PROOF OF COMPLETION OF 52 OF 52 SESSIONS OF
   DOMESTIC VIOLENCE COUNSELING.
   .
   MATTER SET FOR EARLY TERMINATION.
   .
   ENTRY BY S.DE LA GARZA
   COURT ORDERS AND FINDINGS:
   -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
   04/13/11   830 AM  MOTION TO MODIFY PROBATION   DIST CRIM JUSTICE CTR (LAC)
      DEPT 047

ON 04/13/11 AT  830 AM  IN CRIM JUSTICE CTR (LAC) DEPT 047

CASE CALLED FOR MOTION TO MODIFY PROBATION
PARTIES: COMR. H. ELIZABETH HARRIS (JUDGE) DIANNE WRIGHT   (CLERK)

27 of 47

CASE NO. 9CA26115                                    PAGE NO.    8
DEF NO. 01                                           DATE PRINTED 05/09/13

            SYLVIA BALICH  (REP)      JACQUELYN MASON  (CA)
STIPULATED THAT COMR. H. ELIZABETH HARRIS (JUDGE) MAY HEAR THE CAUSE AS
  TEMPORARY JUDGE.
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY C. A. CONTRERAS DEPUTY PUBLIC
    DEFENDER APPEARING BY
  PROBATION MODIFIED AS FOLLOWS:
PROBATION TERMINATED
AS TO COUNT   (01):
MOTION PURSUANT TO SECTION 1203.4/1203.4A OF THE CALIFORNIA PENAL CODE IS
HEREBY GRANTED.  IT IS HEREBY ORDERED THAT THE PLEA, VERDICT, OR FINDING OF
GUILT BE SET ASIDE AND VACATED AND A PLEA OF NOT GUILTY BE ENTERED; AND THAT
THE COMPLAINT BE, AND IS HEREBY DISMISSED
COUNT (01): IS DISMISSED: DISMISSED PER 1203.4 P.C.
    AN ASSESSMENT VACATED: $35.00 INSTALLMENT & ACCOUNTS RECEIVABLE FEE
    (PURSUANT TO 1205(D)PC)
  MOTION PURSUANT TO 1203.4 OR 1203.4A PENAL CODE GRANTED.
  PROBATION IS ORDERED TERMINATED PURSUANT TO SECTION 1203.3 PENAL
      CODE.  PLEA OF GUILTY OR CONVICTION IS SET ASIDE; A PLEA OF NOT

      GUILTY IS ENTERED AND THE CASE IS DISMISSED PURSUANT TO PENAL
    CODE SECTION 1203.4.
  NOTICE OF TERMINATION OF PROTECTIVE ORDER IN CRIMINAL
  PROCEEDING(CLETS) FILED.
  .
  ALL AFFIRMATIVE OBLIGATIONS ARE SATISFIED.
  .
  COURT ORDERS PROBATION TERMINATED AND GRANTS DISMISSAL
  PURSUANT TO 1203.4 PC.
  .
  NO FURTHER APPEARANCES ON THIS MATTER.
  .
  ENTRY BY DWRIGHT FROM NOTES IN FILE.
COUNT (01): DISPOSITION: DISMISSED PER 1203.4 P.C.
DMV ABSTRACT NOT REQUIRED
NEXT SCHEDULED EVENT:
  DISMISSD PURSUANT TO 1203.4 PC


05/09/13


I HEREBY CERTIFY THIS TO BE A TRUE AND CORRECT COPY OF THE ELECTRONIC DOCKET
ON FILE IN THIS OFFICE AS OF THE ABOVE DATE.
JOHN A. CLARKE , EXECUTIVE OFFICER/CLERK OF SUPERIOR COURT,  COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA

BY _____, DEPUTY

28 of 47

# EXHIBIT B

29 of 47

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NO. 1CA15725                                    PAGE NO.  1
THE PEOPLE OF THE STATE OF CALIFORNIA    VS.    CURRENT DATE 05/09/13
DEFENDANT 01:   BEN LEON FORTSON
LAW ENFORCEMENT AGENCY EFFECTING ARREST: LAPD - SOUTHWEST AREA

BAIL: APPEARANCE  AMOUNT     DATE     RECEIPT OR   SURETY COMPANY    REGISTER
      DATE        OF BAIL    POSTED   BOND NO.                       NUMBER

CASE FILED ON 10/06/11.
 COMPLAINT FILED, DECLARED OR SWORN TO CHARGING DEFENDANT WITH HAVING
COMMITTED, ON OR ABOUT 08/26/11 IN THE COUNTY OF LOS ANGELES, THE FOLLOWING
OFFENSE(S) OF:
    COUNT 01: 12021(C)(1) PC MISD
    COUNT 02: 12021(C)(1) PC MISD
    COUNT 03: 12316(B)(1) PC MISD
NEXT SCHEDULED EVENT:
  11/10/11   830 AM   ARRAIGNMENT   DIST CENTRAL ARRAIGN CTHOUSE DEPT 080


ON 11/10/11 AT  830 AM  IN CENTRAL ARRAIGN CTHOUSE DEPT 080

CASE CALLED FOR ARRAIGNMENT
PARTIES: PAUL T. SUZUKI (JUDGE)  KARLEEN DAUGHERTY  (CLERK)
                 BEATRICE BECERRA  (REP)     MALAIKA COLE  (CA)
DEFENDANT DEMANDS COUNSEL.
COURT REFERS DEFENDANT TO THE PUBLIC DEFENDER.
PUBLIC DEFENDER APPOINTED.  CHARLEAN HARTSFIELD - P.D.
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY CHARLEAN HARTSFIELD DEPUTY
   PUBLIC DEFENDER
DEFENDANT STATES HIS/HER TRUE NAME AS  BEN LEON FORTSON.
DEFENDANT ADVISED OF THE FOLLOWING RIGHTS VIA VIDEO CASSETTE:
 DEFENDANT ARRAIGNED AND ADVISED OF THE FOLLOWING RIGHTS AT MASS
   ADVISEMENT:  SPEEDY PUBLIC TRIAL, TRIAL WITHIN 30/45 DAYS, RIGHT
   TO REMAIN SILENT, SUBPOENA POWER OF COURT, CONFRONTATION AND
   CROSS EXAMINATION, JURY TRIAL, COURT TRIAL, RIGHT TO ATTORNEY,
   SELF REPRESENTATION, REASONABLE BAIL, CITIZENSHIP, EFFECT OF
   PRIORS, PLEAS AVAILABLE PROBATION.
A COPY OF THE COMPLAINT AND THE ARREST REPORT GIVEN TO DEFENDANTS COUNSEL.
THE DEFENDANT IS ADVISED OF FINANCIAL RESPONSIBILITY.

DEFENDANT WAIVES FURTHER ARRAIGNMENT.
DEFENDANT PLEADS NOT GUILTY TO COUNT 01, 12021(C)(1) PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 02, 12021(C)(1) PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 03, 12316(B)(1) PC.
   COURT ORDERS AND FINDINGS:
   -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
   PRETRIAL HEARING SET FOR 12/01/11 IN DEPT. 40 AT 8:30 A.M.

   LAST DAY FOR TRIAL IS 12/12/11.

   OWN RECOGNIZANCE RELEASE AGREEMENT FILED.

   NOTICE OF ASSESSMENT FOR APPOINTED COUNSEL REGISTRATION FEES IN
   THE AMOUNT OF $50 EXECUTED AND ORDERED PAYABLE TO THE COURT'S
   COLLECTION AGENCY.

30 of 47

CASE NO. 1CA15725                                    PAGE NO.   2
DEF NO.  01                                          DATE PRINTED 05/09/13


    TCIS ENTRY MADE BY Y. PILLARS.
NEXT SCHEDULED EVENT:
12/01/11   830 AM   PRETRIAL HEARING   DIST CRIM JUSTICE CTR (LAC) DEPT 040

CUSTODY STATUS: DEFENDANT REMAINS ON OWN RECOGNIZANCE


ON 12/01/11 AT   830 AM   IN CRIM JUSTICE CTR (LAC) DEPT 040

CASE CALLED FOR PRETRIAL HEARING
PARTIES: YVETTE VERASTEGUI (JUDGE)  JAMES DITTMER  (CLERK)
               ROSALINA NAVA        (REP)  GREGORY ALAN DORFMAN  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY ERICA PINES DEPUTY PUBLIC
   DEFENDER
   MATTER TO CONTINUE PRETRIAL IS GRANTED TO 01-11-12
   AS DAY 0  OF 15 IN DEPARTMENT 40 AT 08:30 A.M..


   ***********************TCIS ENTRY MADE BY M./LAM*******************
   COURT ORDERS AND FINDINGS:
   -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT:
   01/11/12   830 AM   PRETRIAL HEARING   DIST CRIM JUSTICE CTR (LAC) DEPT 040
DAY 00 OF 15

CUSTODY STATUS: DEFENDANT REMAINS ON OWN RECOGNIZANCE


ON 01/11/12 AT   830 AM   IN CRIM JUSTICE CTR (LAC) DEPT 040

CASE CALLED FOR PRETRIAL HEARING
PARTIES: YVETTE VERASTEGUI (JUDGE)  JAMES DITTMER  (CLERK)
               ROSALINA NAVA  (REP)     ALIN CEMCEM-SAHAGIAN  (CA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY ERICA PINES DEPUTY PUBLIC
   DEFENDER
COUNT (01) : DISPOSITION: DISMISSAL IN FURTH OF JUSTICE PER 1385 PC
COUNT (02) : DISPOSITION: DISMISSAL IN FURTH OF JUSTICE PER 1385 PC
COUNT (03) : DISPOSITION: DISMISSAL IN FURTH OF JUSTICE PER 1385 PC

   PEOPLE'S MOTION TO DISMISS PURSUANT TO PC SECTION 1385 IS
   GRANTED.
NEXT SCHEDULED EVENT:
   PROCEEDINGS TERMINATED



ON 01/24/12 AT   230 PM   IN CRIM JUSTICE CTR (LAC) DEPT CLK

CASE CALLED FOR MANUAL ADR SUBMITTED
PARTIES: NONE (JUDGE)  NONE  (CLERK)
               NONE       (REP)  NONE  (DDA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
   ORIGINAL ARREST DISPOSITION REPORT PREPARED AND FORWARDED TO THE
   DEPARTMENT OF JUSTICE.
NEXT SCHEDULED EVENT:
PROCEEDINGS TERMINATED


05/03/13   ARREST DISPOSITION REPORT SENT VIA FILE TRANSFER TO DEPARTMENT OF
          JUSTICE

31 of 47

CASE NO. 1CA15725                                    PAGE NO.   3
DEF NO.  01                                          DATE PRINTED 05/09/13

05/09/13

I HEREBY CERTIFY THIS TO BE A TRUE AND CORRECT COPY OF THE ELECTRONIC DOCKET
ON FILE IN THIS OFFICE AS OF THE ABOVE DATE.
JOHN A. CLARKE , EXECUTIVE OFFICER/CLERK OF SUPERIOR COURT,  COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA

BY _____, DEPUTY

32 of 47

# EXHIBIT C

33 of 47

## California Penal Code Section 12021

(a) (1) Any person who has been convicted of a felony under the laws of the United States, the State of California, or any other state, government, or country or of an offense enumerated in subdivision (a), (b), or (d) of Section 12001.6, or who is addicted to the use of any narcotic drug, and who owns, purchases, receives, or has in his or her possession or under his or her custody or control any firearm is guilty of a felony.

(2) Any person who has two or more convictions for violating paragraph (2) of subdivision (a) of Section 417 and who owns, purchases, receives, or has in his or her possession or under his or her custody or control any firearm is guilty of a felony.

(b) Notwithstanding subdivision (a), any person who has been convicted of a felony or of an offense enumerated in Section 12001.6, when that conviction results from certification by the juvenile court for prosecution as an adult in an adult court under Section 707 of the Welfare and Institutions Code, and who owns or has in his or her possession or under his or her custody or control any firearm is guilty of a felony.

(c) (1) Except as provided in subdivision (a) or paragraph (2) of this subdivision, any person who has been convicted of a misdemeanor violation of Section 71, 76, 136.1, 136.5, or 140, subdivision (d) of Section 148, Section 171b, 171c, 171d, 186.28, 240, 241, 242, 243, 244.5, 245, 245.5, 246.3, 247, 273.5, 273.6, 417, 417.6, 422, 626.9, 646.9, 12023, or 12024, subdivision (b) or (d) of Section 12034, Section 12040, subdivision (b) of Section 12072, subdivision (a) of former Section 12100, Section 12220, 12320, or 12590, or Section 8100, 8101, or 8103 of the Welfare and Institutions Code, any firearm-related offense pursuant to Sections 871.5 and 1001.5 of the Welfare and Institutions Code, or of the conduct punished in paragraph (3) of subdivision (g) of Section 12072, and who, within 10 years of the conviction, owns, purchases, receives, or has in his or her possession or under his or her custody or control, any firearm is guilty of a public offense, which shall be punishable by imprisonment in a county jail not exceeding one year or in the state prison, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine. The court, on forms prescribed by the Department of Justice, shall notify the department of persons subject to this subdivision. However, the prohibition in this paragraph may be reduced, eliminated, or conditioned as provided in paragraph (2) or (3).

(2) Any person employed as a peace officer described in Section 830.1, 830.2, 830.31, 830.32, 830.33, or 830.5 whose employment or livelihood is dependent on the ability to legally possess a firearm, who is subject to the prohibition imposed by this subdivision because of a conviction under Section 273.5, 273.6, or 646.9, may petition the court only once for relief from this prohibition. The petition shall be filed with the court in which the petitioner was sentenced. If possible, the matter shall be heard before the same judge who sentenced the petitioner. Upon filing the petition, the clerk of the court shall set the hearing date and shall notify the petitioner and the prosecuting attorney of the date of the hearing. Upon making each of the following findings, the court may reduce or eliminate the prohibition, impose conditions on reduction or elimination of the prohibition, or otherwise grant relief from the prohibition as the court deems appropriate:

I:\INSTRUCTIONAL SERVICES\BASIC\Intake Forms\CA Penal Code 12021.doc

(A) Finds by a preponderance of the evidence that the petitioner is likely to use a firearm in a safe and lawful manner.

(B) Finds that the petitioner is not within a prohibited class as specified in subdivision (a), (b), (d), (e), or (g) or Section 12021.1, and the court is not presented with any credible evidence that the petitioner is a person described in Section 8100 or 8103 of the Welfare and Institutions Code.

(C) (i) Finds that the petitioner does not have a previous conviction under this subdivision no matter when the prior conviction occurred.

(ii) In making its decision, the court shall consider the petitioner's continued employment, the interest of justice, any relevant evidence, and the totality of the circumstances. The court shall require, as a condition of granting relief from the prohibition under this section, that the petitioner agree to participate in counseling as deemed appropriate by the court. Relief from the prohibition shall not relieve any other person or entity from any liability that might otherwise be imposed. It is the intent of the Legislature that courts exercise broad discretion in fashioning appropriate relief under this paragraph in cases in which relief is warranted. However, nothing in this paragraph shall be construed to require courts to grant relief to any particular petitioner. It is the intent of the Legislature to permit persons who were convicted of an offense specified in Section 273.5, 273.6, or 646.9 to seek relief from the prohibition imposed by this subdivision.

(3) Any person who is subject to the prohibition imposed by this subdivision because of a conviction of an offense prior to that offense being added to paragraph (1) may petition the court only once for relief from this prohibition. The petition shall be filed with the court in which the petitioner was sentenced. If possible, the matter shall be heard before the same judge that sentenced the petitioner. Upon filing the petition, the clerk of the court shall set the hearing date and notify the petitioner and the prosecuting attorney of the date of the hearing. Upon making each of the following findings, the court may reduce or eliminate the prohibition, impose conditions on reduction or elimination of the prohibition, or otherwise grant relief from the prohibition as the court deems appropriate:

 

(A) Finds by a preponderance of the evidence that the petitioner is likely to use a firearm in a safe and lawful manner.

(B) Finds that the petitioner is not within a prohibited class as specified in subdivision (a), (b), (d), (e), or (g) or Section 12021.1, and the court is not presented with any credible evidence that the petitioner is a person described in Section 8100 or 8103 of the Welfare and Institutions Code.



(C) (i) Finds that the petitioner does not have a previous conviction under this subdivision, no matter when the prior conviction occurred.



(ii) In making its decision, the court may consider the interest of justice, any relevant evidence, and the totality of the circumstances. It is the intent of the Legislature that courts exercise broad discretion in fashioning appropriate relief under this paragraph in cases in which relief is warranted. However, nothing in this paragraph shall be construed to require courts to grant relief to any particular petitioner.



I:\INSTRUCTIONAL SERVICES\BASIC\Intake Forms\CA Penal Code 12021.doc


35 of 47



(4) Law enforcement officials who enforce the prohibition specified in this subdivision against a person who has been granted relief pursuant to paragraph (2) or (3) shall be immune from any liability for false arrest arising from the enforcement of this subdivision unless the person has in his or her possession a certified copy of the court order that granted the person relief from the prohibition. This immunity from liability shall not relieve any person or entity from any other liability that might otherwise be imposed.



(d) (1) Any person who, as an express condition of probation, is prohibited or restricted from owning, possessing, controlling, receiving, or purchasing a firearm and who owns, purchases, receives, or has in his or her possession or under his or her custody or control, any firearm but who is not subject to subdivision (a) or (c) is guilty of a public offense, which shall be punishable by imprisonment in a county jail not exceeding one year or in the state prison, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine. The court, on forms provided by the Department of Justice, shall notify the department of persons subject to this subdivision. The notice shall include a copy of the order of probation and a copy of any minute order or abstract reflecting the order and conditions of probation.



(2) For any person who is subject to subdivision (a), (b), or (c), the court shall, at the time judgment is imposed, provide on a form supplied by the Department of Justice, a notice to the defendant prohibited by this section from owning, purchasing, receiving, possessing or having under his or her custody or control, any firearm. The notice shall inform the defendant of the prohibition regarding firearms and include a form to facilitate the transfer of firearms. Failure to provide the notice shall not be a defense to a violation of this section.

(e) Any person who (1) is alleged to have committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code, an offense described in subdivision (b) of Section 1203.073, any offense enumerated in paragraph (1) of subdivision (c), or any offense described in subdivision (a) of Section 12025, subdivision (a) of Section 12031, or subdivision (a) of Section 12034, and (2) is subsequently adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code, an offense described in subdivision (b) of Section 1203.073, any offense enumerated in paragraph (1) of subdivision (c), or any offense described in subdivision (a) of Section 12025, subdivision (a) of Section 12031, or subdivision (a) of Section 12034, shall not own, or have in his or her possession or under his or her custody or control, any firearm until the age of 30 years. A violation of this subdivision shall be punishable by imprisonment in a county jail not exceeding one year or in the state prison, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine. The juvenile court, on forms prescribed by the Department of Justice, shall notify the department of persons subject to this subdivision. Notwithstanding any other law, the forms required to be submitted to the department pursuant to this subdivision may be used to determine eligibility to acquire a firearm.

(f) Subdivision (a) shall not apply to a person who has been convicted of a felony under the laws of the United States unless either of the following criteria is satisfied:

I:\INSTRUCTIONAL SERVICES\BASIC\Intake Forms\CA Penal Code 12021.doc

36 of 47

(1) Conviction of a like offense under California law can only result in imposition of felony punishment.

(2) The defendant was sentenced to a federal correctional facility for more than 30 days, or received a fine of more than one thousand dollars ($1,000), or received both punishments.

(g) (1) Every person who purchases or receives, or attempts to purchase or receive, a firearm knowing that he or she is prohibited from doing so by a temporary restraining order or injunction issued pursuant to Section 527.6 or 527.8 of the Code of Civil Procedure, a protective order as defined in Section 6218 of the Family Code, a protective order issued pursuant to Section 136.2 or 646.91 of this code, or a protective order issued pursuant to Section 15657.03 of the Welfare and Institutions Code, is guilty of a public offense, which shall be punishable by imprisonment in a county jail not exceeding one year or in the state prison, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine.

(2) Every person who owns or possesses a firearm knowing that he or she is prohibited from doing so by a temporary restraining order or injunction issued pursuant to Section 527.6 or 527.8 of the Code of Civil Procedure, a protective order as defined in Section 6218 of the Family Code, a protective order issued pursuant to Section 136.2 or 646.91 of this code, or a protective order issued pursuant to Section 15657.03 of the Welfare and Institutions Code, is guilty of a public offense, which shall be punishable by imprisonment in a county jail not exceeding one year, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine.

(3) The Judicial Council shall provide notice on all protective orders that the respondent is prohibited from owning, possessing, purchasing, receiving, or attempting to purchase or receive a firearm while the protective order is in effect. The order shall also state that the firearm shall be relinquished to the local law enforcement agency for that jurisdiction or sold to a licensed gun dealer, and that proof of surrender or sale shall be filed within a specified time of receipt of the order. The order shall state the penalties for a violation of the prohibition. The order shall also state on its face the expiration date for relinquishment.

(4) If probation is granted upon conviction of a violation of this subdivision, the court shall impose probation consistent with Section 1203.097.

(h) (1) A violation of subdivision (a), (b), (c), (d), or (e) is justifiable where all of the following conditions are met:

(A) The person found the firearm or took the firearm from a person who was committing a crime against him or her.

(B) The person possessed the firearm no longer than was necessary to deliver or transport the firearm to a law enforcement agency for that agency's disposition according to law.

(C) If the firearm was transported to a law enforcement agency, it was transported in accordance with paragraph (18) of subdivision (a) of Section 12026.2.

37 of 47

(D) If the firearm is being transported to a law enforcement agency, the person transporting the firearm has given prior notice to the law enforcement agency that he or she is transporting the firearm to the law enforcement agency for disposition according to law.

(2) Upon the trial for violating subdivision (a), (b), (c), (d), or (e), the trier of fact shall determine whether the defendant was acting within the provisions of the exemption created by this subdivision.

(3) The defendant has the burden of proving by a preponderance of the evidence that he or she comes within the provisions of the exemption created by this subdivision.

(i) Subject to available funding, the Attorney General, working with the Judicial Council, the California Alliance Against Domestic Violence, prosecutors, and law enforcement, probation, and parole officers, shall develop a protocol for the implementation of the provisions of this section. The protocol shall be designed to facilitate the enforcement of restrictions on firearm ownership, including provisions for giving notice to defendants who are restricted, provisions for informing those defendants of the procedures by which defendants shall dispose of firearms when required to do so, provisions explaining how defendants shall provide proof of the lawful disposition of firearms, and provisions explaining how defendants may obtain possession of seized firearms when legally permitted to do so pursuant to this section or any other provision of law. The protocol shall be completed on or before January 1, 2005.

# EXHIBIT D

39. of 47

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

**MISDEMEANOR SENTENCING MEMORANDUM - DOMESTIC VIOLENCE**
(Spousal Abuse-Child Endangerment-Excessive Discipline)

Defendant: FORTSON, Benjamin

Case No: 9CA-26115-01

ite: 92509 | Dept/Div.: 56 | Prosecutor: K. Perez | Defense Atty: M. Huntley PD

ne: S Rice | Clerk: Pulido | Reporter: Corona | Interpreter/Language:

As to count _____, a violation of Penal Code § [ ] 273.5 (a), [✓] 243 (e)(1), [ ] 273 (a)/(b), [ ] 273d (a); [ ] §_____ of the _____ Code.

**Arraignment For Judgment**

[ ] Arraignment for judgment and time for sentencing waived. There is no legal cause why judgment should not now be pronounced.

**Sentence**

1. [ ] **Probation is denied. Defendant is to serve** _____ **days in the Los Angeles County Jail,** forthwith, [ ] consecutive to _____ [ ] concurrent _____.
   Defendant is to receive credit of _____ days actual plus _____days GT/WT, for a total of _____ days. [ ] Time may be served in any penal institution.

2. [ ] Pay a fine of $_____ plus penalty assessments.

3. [ ] Pay the fines and assessments as set forth in paragraph 20 below.

4. [ ] Execution of the foregoing sentence is suspended (ESS), and the following conditional sentence is imposed:

**Conditional Sentence (PC §1203b/Order of Probation (PC §1203a)**

[✓] Imposition of sentence is suspended (ISS) [ ] With supervision by county probation officer (formal probation),
for a period of __3__ years/months upon the following terms and conditions:

1. [ ] Serve _____ days in the Los Angeles County jail, [ ] consecutive to _____ [ ] concurrent with _____
   Defendant to receive **custody credit** of _____ days actual plus _____ days GT/WT, for a total of _____days. [ ] Time may be served in any penal institution..
   [ ] Time may be served on consecutive weekends of two days each, beginning _____. **(772)**
   [ ] Time may be served in any city jail having actual confinement, at the defendant's expense. **(021)**
   [ ] Defendant may not participate in Sheriff's home detention/EHM per PC§1203.016(e). [ ] Work furlough not allowed.

2. [✓] Perform 25 days of Community Labor/ _____ , **or** perform _____ days/hours of approved Community Service, with credit for ____days actual. Sign up for such work only at a court-approved volunteer center or in the clerk's office. Failure to complete court-ordered Community Labor or Community Service without excuse may result in jail. [ ] This work is in lieu of the days of jail specified in paragraph 1 above.

3. [ ] **Pay a fine** in the sum of $ _____ plus penalty assessments, **or** in default thereof serve _____ additional days in County jail, consecutive, **or** perform an additional ____ days/hours of Community Labor or Community Service. [ ] **Defendant elects jail in lieu of fine,** forthwith, consecutive to all other time.
   [ ] Fine may be paid in monthly installments of not less than $_____. **(124)** [ ] Defendant to report to Financial Evaluator to work out a fine payment plan. **(163)**

4. [ ] **Make restitution to victim** _____ pursuant to 1202.4(f) PC [ ] in an amount to be determined at a hearing. **(067)** [ ] *Harvey* waiver taken
   [✓] in the stipulated sum of $_____. **(048)** [ ] per any final civil judgment against you. **(100)** [ ] Liability is admitted but amount is disputed.

5. [✓] **Do not own, use or possess dangerous or deadly weapons,** including firearms, or other concealable weapons. **(230)** A not unified weapon as part of this complaint. The weapon
   [ ] The weapon involved in this case is ordered confiscated and destroyed by the arresting agency. **(234)**
   [✓] Pursuant to PC §12021(c)(1), you are prohibited from owning or possessing any firearm for the next 10 years.

6. [✓] **Do not use or threaten to use force or violence against any person.** Do not annoy, harass or molest any victim or witness in this case, including _____. **(913)**

7. [ ] Stay [ ] _____ [ ] 100 yards away from and have no contact with _____. **(904)**

8. [ ] Stay [ ] _____ [ ] 100 yards from [ ] the location of the arrest [ ] _____. **(904)**

9. [✓] **Enroll within 30 days** and successfully complete a **52 week Domestic Violence Treatment Program** approved by the Probation Department. Attend all counseling sessions, keep all program appointments and pay all program fees in accordance with your ability to pay. **(369)**

10. [ ] Enroll within 30 days and successfully complete a _____ week approved Parenting Skills program **(370)**

11. [ ] Enroll within 30 days and successfully complete a _____ week approved anger management program. **(371)**

12. [✓] **Obey any Protective Order** issued in this or any other case. **(579)** [ ] Defendant is served with a copy of the Protective Order in open court. **(578)**

13. [ ] **Do not use or threaten to use** physical force of any kind in disciplining or punishing any child. **(470)**

14. [ ] Attend _____ Alcoholics/Narcotics/Sexual Compulsives Anonymous meetings at the rate of _____ meeting(s) per week. **(356/473)**

15. [ ] **Abstain from the use of all** alcoholic beverages and stay out of places where they are the chief item of sale.**(300)**
   [ ] Do not consume or possess any alcoholic beverages before you turn age 21. **(344)**

16. [ ] **Submit your person and property to search and seizure** at any time of the day or night, by any Probation Officer or other peace officer with or without a warrant, probable cause, or reasonable suspicion. **(576)**

17. [ ] **Use only your true name,** stated to be:_____. **(912)** Do not give any false information to any peace officer at any time. **(535)**

18. [ ] Provide a DNA sample and print impressions pursuant to PC § 296 and 296.1. **(790)**

19. [ ] If you are deported from or otherwise leave the United States, notify the Court [and Probation] in writing of your address and telephone number outside the United States within 72 hours of deportation or departure. Continue to pay all of your financial obligations to the Court [and to Probation] while outside the United States. **(474)**

20. **Pay all of the following (check all that apply):**

| | |
|---|---|
| [✓] restitution fine of [✓] $100.00, [ ] $_____, per PC §1202.4(b) through (e). **(098)** [✓] The restitution fine is calculated per formula set out in PC §1202.4(b)(2). | [ ] A citation processing fee of $10.00 per PC §1463.07 and GC §29550(f) (If D cited and released in field or at jail facility.) |
| [✓] A probation revocation restitution fine in the same amount as the restitution fine, per PC §1202.44, payment is stayed until probation is revoked and sentence imposed. | [ ] Cost of probation services per PC 1203.1b, [ ] as determined by the Probation Officer, subject to a hearing if requested [ ] in the amount of $____ per month. |
| [✓] A criminal conviction/facilities assessment of $30.00 per Gov't Code §70373(a).(SA:CC) | [ ] A child abuse prevention restitution fine of $_____ per PC 294 (child abuse cases, $1,000.00 maximum). |
| [ ] A criminal fine surcharge of $____ per Penal Code §1465.7 (20% of base fine).(SA:AB) | [ ] A criminal justice administration fee of $_____, payable to the local arresting agency, per Gov't Code §§ 29550(c), 29550.1 or 29550.2 (agency's actual cost). |
| [✓] A court security fee of $29.00 per PC §1465.8(a)(1). (per count) (SA:SF) | |
| [✓] A domestic violence payment of [✓] $400.00 [ ] $____ per PC 1203.097(a)(5). ($400 min.) | |
| [ ] An administrative screening fee of $25.00 per PC 1463.07 (If D released on OR.) | [ ] _____ |
| [✓] JN: $35.00 | |

21. [ ] _____

22. [✓] **Obey all laws** and orders of the court **(541)** [ ] and rules and regulations of the Probation Department. **(542)**



# EXHIBIT E

41 of 47

CR-160

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS: ~~Hidden~~ 210 W. Temple
MAILING ADDRESS:
CITY AND ZIP CODE: LA, CA 90012
BRANCH NAME: CCB

FILED
Los Angeles Superior Court

SEP 25 2009

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
JOSEPH M. PULIDO, S.C.C.
OR# 0920146730

**PEOPLE OF THE STATE OF CALIFORNIA**

vs.

DEFENDANT: Fortson, Benjamin

**CRIMINAL PROTECTIVE ORDER—DOMESTIC VIOLENCE**
(CLETS - CPO) (Pen. Code, §§ 136.2, 1203.097(a)(2), 273.5(i), and 646.9(k))

[ ] ORDER UNDER PENAL CODE, § 136.2          [ ] MODIFICATION
[✓] PROBATION CONDITION ORDER (Pen. Code, § 1203.097)
ORDER UNDER: [ ] PENAL CODE, § 273.5(i)   [ ] PENAL CODE, § 646.9(k)

CASE NUMBER: 9CA26115

CLETS ENTRY BY:

**This Order May Take Precedence Over Other Conflicting Orders, See Item 1 on Page 2.**

PERSON TO BE RESTRAINED (complete name): — same —
Sex: [✓] M [ ] F  Ht: 5'11  Wt.: 100  Hair color: blk  Eye color: brn  Race: B  Age: 47  Date of birth: 12-23-62
[ ] The defendant is a peace officer with _____ Department: _____

1. This proceeding was heard on (date): 9-25-09 at (time): ____ in Dept.: 56 ____ Room: ____
   by judicial officer (name): Hon. Judge Rice

2. This order expires on (date): 9-25-12 ____ If no date is listed, this order expires three years from the date of issuance.

3. [✓] Defendant was personally served with a copy of this order at the court hearing, and no additional proof of service of this order is required.

4. COMPLETE NAME OF EACH PROTECTED PERSON: Betty Lopey

5. [ ] For good cause shown, the court grants the protected persons named above the exclusive care, possession, and control of the following animals: _____

**GOOD CAUSE APPEARING, THE COURT ORDERS THAT THE ABOVE-NAMED DEFENDANT**

6. must not harass, strike, threaten, assault (sexually or otherwise), follow, stalk, molest, destroy or damage personal or real property, disturb the peace, keep under surveillance, or block movements of the protected persons named above.

7. ~~must surrender to local law enforcement or sell to a licensed gun dealer any firearm owned or subject to his or her immediate possession or control within 24 hours after service of this order and must file a receipt with the court showing compliance with this order within 48 hours of receiving this order.~~ May keep firearm at work for work only; not to be kept at home or in person when off work

8. must not attempt to or actually prevent or dissuade any victim or witness from attending a hearing or testifying or making a report to any law enforcement agency or person.

9. must take no action to obtain the addresses or locations of protected persons or their family members, caretakers, or guardian unless good cause exists otherwise. [ ] The court finds good cause not to make the order in item 9.

10. [✓] must have no personal, electronic, telephonic, or written contact with the protected persons named above.

11. [✓] must have no contact with the protected persons named above through a third party, except an attorney of record.

12. [✓] must not come within 100 yards of the protected persons and animals named above.

13. [ ] may have peaceful contact with the protected persons named above only for the safe exchange of children for court-ordered visitation as stated in the attached Family, Juvenile, or Probate court order in Case No. _____, issued on (date): _____, as an exception to the "no-contact" or "stay-away" provision in paragraph 10, 11, or 12 of this order.

14. [ ] may have peaceful contact with the protected persons named above only for the safe exchange of children for visitation as stated in a Family, Juvenile, or Probate court order issued after the date this order is signed, as an exception to the "no-contact" or "stay-away" provision in paragraph 10, 11, or 12 of this order.

15. [ ] must not take, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the animals described in paragraph 5.

16. [✓] The protected persons may record any prohibited communications made by the restrained person.

17. Other orders including stay-away orders from specific locations:

Date: 9-25-09

JUDICIAL OFFICER                Department/Division:

Form Adopted for Mandatory Use
Judicial Council of California
CR-160 [Rev. Jan. 1, 2009]
Approved by Department of Justice

**CRIMINAL PROTECTIVE ORDER—DOMESTIC VIOLENCE (CLETS - CPO)**
**(Penal Code, §§ 136.2, 1203.097(a)(2), 273.5(i), and 646.9(k).)**

Page 1 of 2
Penal Code, §§ 136.2, 166,
1203.097(a)(2), 273.5(i), and 646.9(k)
www.courtinfo.ca.gov

(Distribution: original to file; 1 copy to each protected person; 1 copy to defendant; 1 copy to prosecutor; 1 copy to law enforcement)

American LegalNet, Inc.

CR-160

# WARNINGS AND NOTICES

1. Except as provided in this paragraph, this order takes precedence over any conflicting protective order, visitation order, or any other court order if the protected person is a victim of domestic violence under Penal Code section 13700. However, this order does not take precedence if (1) there is a more restrictive *Emergency Protective Order* (form EPO-001) restraining and protecting the same parties as in this order, or (2) if box 13 or 14 has been checked on page 1 of this order. (Pen. Code, § 136.2(e)(2).)

2. **VIOLATION OF THE ORDER IS SUBJECT TO CRIMINAL PROSECUTION.** Violation of this protective order may be punished as a misdemeanor, a felony, or a contempt of court. Taking or concealing a child in violation of this order may be a felony and punishable by confinement in state prison, a fine, or both. Traveling across state or tribal boundaries with the intent to violate the order may be punishable as a federal offense under the Violence Against Women Act, 18 U.S.C. § 2261(a)(1) (1994).

3. **NOTICE REGARDING FIREARMS.** Any person subject to a protective order is prohibited from owning, possessing, purchasing or attempting to purchase, receiving or attempting to receive, or otherwise obtaining a firearm. Such conduct is subject to a $1,000 fine and imprisonment. The person subject to these orders must relinquish any firearms and not own or possess any firearms during the period of the protective order. Under federal law, the issuance of a protective order after hearing will generally prohibit the restrained person from owning, accepting, transporting, or possessing firearms or ammunition. A violation of this prohibition is a separate federal crime. (Pen. Code, § 136.2(d).)

4. **ENFORCING THIS ORDER IN CALIFORNIA.**
   - This order must be enforced in California by any law enforcement agency that has received the order or is shown a copy of the order or has verified its existence on the California Law Enforcement Telecommunications System (CLETS).
   - Law enforcement must determine whether the restrained person had notice of the order. If notice cannot be verified, law enforcement must advise the restrained person of the terms of the order and, if the restrained person fails to comply, must enforce it. (Fam. Code, § 6383.)

5. **CERTIFICATE OF COMPLIANCE WITH VIOLENCE AGAINST WOMEN ACT (VAWA).** This protective order meets all Full Faith and Credit requirements of the Violence Against Women Act, 18 U.S.C. § 2265 (1994). This court has jurisdiction over the parties and the subject matter; and the restrained person has been afforded notice and a timely opportunity to be heard as provided by the laws of this jurisdiction. This order is valid and entitled to enforcement in each jurisdiction throughout the 50 United States, the District of Columbia, all tribal lands, and all U.S. territories, and shall be enforced as if it were an order of that jurisdiction.

6. **EFFECTIVE DATE AND EXPIRATION DATE OF ORDERS.**
   - These orders are effective as of the date they were signed by a judicial officer.
   - These orders expire as explained in item 2 on the reverse.
   - Orders under Penal Code section 136.2 are valid as long as the court has jurisdiction over the case. They are not valid after imposition of a state prison commitment. (See *People v. Stone* (2004) 123 Cal.App.4th 153.)
   - Orders under Penal Code section 1203.097 are probationary orders and the court has jurisdiction as long as the defendant is on probation. (Pen. Code, § 1203.097(a)(2).)
   - Orders under Penal Code sections 273.5 and 646.9 are valid for up to 10 years and may be issued by the court whether the defendant is sentenced to state prison or county jail or if imposition of sentence is suspended and the defendant is placed on probation. (Pen. Code, §§ 273.5(i) and 646.9(k).)



42 of 47

01 of 01

Exhibit

THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED IS FULL, TRUE, AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE. JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES

ATTEST: MAY - 9 2013 BY: _____ DEPUTY

Michael Johnson

# EXHIBIT F

43 of 47

MichaelWFitzgeraldheadshot.jpg (JPEG Image, 332 × 420 pixels)          http://www.windycitymediagroup.com/images/publications/wct/201...



44 of 47

Metropolitan News-Enterprise

Thursday, July 21, 2011

Page 1

## Obama Nominates Michael Fitzgerald for U.S. District Court

By a MetNews Staff Writer

White House officials yesterday announced President Barack Obama's selection of Los Angeles attorney Michael W. Fitzgerald to serve as a district judge on the United States District Court for the Central District of California.

If confirmed by the Senate, Fitzgerald, 52, will fill a judgeship left vacant when U.S. District Judge A. Howard Matz took senior status on July 11, and be the first openly gay federal judge confirmed to serve in California.

Fitzgerald has been a partner in the firm of Corbin, Fitzgerald & Athey LLP since 1998. He previously worked for the Law Offices of Robert L. Corbin PC, from 1995 to 1998, and for Heller, Ehrman, White & McAuliffe LLP from 1991 to 1995.

Before entering private practice, Fitzgerald served as an assistant U.S. Attorney for the Central District of California for three years.

Fitzgerald serves on the Board of Directors of the Los Angeles chapter of the Federal Bar Association, and is a member of the American Bar Association's White-Collar Crime Committee, and the Association of Business Trial Lawyers.

He served as a lawyer representative to the Ninth Circuit Judicial Conference, from 2006 to 2008, and on the Ninth Circuit Attorney Admission Fund Committee, from 2001 to 2003.

A Los Angeles native, Fitzgerald graduated magna cum laude from Harvard University in 1981, and was Order of Coif in 1985 at the UC Berkeley, where he served as managing editor of the *Industrial Relations Law Journal*.

Fitzgerald clerked for Second U.S. Circuit Court of Appeals Judge Irving R. Kaufman after graduating from law school and joined the State Bar in 1987.

The U.S. District Court for the Central District of California is one of the nation's busiest federal trial courts with 15,279 new case filings in fiscal year 2010, court officials said. It is authorized 28 judgeships, including one temporary judgeship, and currently has two vacancies.

Federal district court judges, appointed under Art. III of the Constitution, are

45 of 47

Case 2:16-cv-06784-JFW-MRW    Document 1    Filed 09/09/16    Page 48 of 53    Page ID #:48

nominated by the president, confirmed by the Senate and serve lifetime appointments upon good behavior. Their current annual salary is $174,000.

U.S. Sen. Barbara Boxer, who recommened the appointment, yesterday said she was "pleased" by Obama's decision. She predicted that Fitzgerald's "sharp intellect, record of public service and broad legal experience will be a real asset on the federal bench."

*Copyright 2011, Metropolitan News Company*

# BLANK PAGE

47 of 47

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ )

Benjamin L. Fortson

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

United States District Court, Central District of California, District Court Judge (see attached)

**(b)** County of Residence of First Listed Plaintiff   Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Los Angeles
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

Benjamin L. Fortson
40555 177th St. East, Lake L.A., Ca. 93535

**Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

Benjamin L. Fortson
40555 177th St East, Lake L.A., Calif. 9353

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 25,000,000.°°

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
2nd Amendment, 5th Amendment, 7th Amendment & 14th Amendment, conscious deliberate material omission, violation Federal Rules of Evidence & violation of U.S. Constitution

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:   LA CV16 06784-JFW-MRWx

CIVIL COVER SHEET   Page 1 of 3

**ATTACHED DOCUMENT**

**DEFENDANTS – continued**

**Michael W. Fitzgerald, District Court Judge**

**Sheri Pym, Magistrate District Court Judge**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
|  | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No |  | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
|  |  | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☒ Yes  ☐ No |  | ☒ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
|  |  | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☒ | ☒ |

| **D.1.  Is there at least one answer in Column A?** | **D.2.  Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes    ☒ No | ☒ Yes    ☐ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right.  ➡ | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | *Western Division* |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes  ☒ No |

CV-71 (02/16)                          CIVIL COVER SHEET                          Page 2 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed in this court?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed in this court?
☐ NO   ☒ YES

If yes, list case number(s): _2:12-cv-05256-MWF (sp)_____

Civil cases are related when they (check all that apply):

☒ A. Arise from the same or a closely related transaction, happening, or event;

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note:  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

A civil forfeiture case and a criminal case are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _Ben L. Fox_____   DATE: _08-22-2016_

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |